# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3433

_____

| | | |
|---|---|---|
| United States ex rel. Pat Costner; | * | |
| Sharon Golgan; Carolyn Lance; | * | |
| Debra Litchfield; Becky Summers; | * | |
| Kenny Brown; Edward Campbell; | * | |
| Don Daniel; Jeffrey Foot; David | * | |
| Hermanson; Arkansas Peace Center; | * | |
| Vietnam Veterans of America, | * | |
| Arkansas State Council, Inc., | * | Appeal from the United States |
| | * | District Court for the |
| Plaintiffs/Appellants, | * | Eastern District of Arkansas. |
| | * | |
| v. | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Movant, | * | |
| | * | |
| URS Consultants, Inc.; Morrison | * | |
| Knudsen Corporation; MRK | * | |
| Incineration, Inc.;  Vertac Site | * | |
| Contractors, | * | |
| | * | |
| Defendants/Appellees. | * | |

_____

Submitted:  January 14, 2003

Filed:  January 28, 2003   (Corrected: 1/28/03)

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The plaintiffs appeal the district court's[1] award of costs to the defendants pursuant to Federal Rule of Civil Procedure 54(b). We affirm.

After entry of judgment for the defendants on the plaintiffs' False Claims Act (FCA) claims, the defendants moved for reimbursement of costs in the amount of $163,592.82. Due in part to the defendants' failure to itemize many of the submitted costs, the district court ordered the plaintiffs to pay costs totaling $26,408.36. The plaintiffs assert three claims on appeal: (1) express provisions of the FCA preclude an award of costs to the defendants in this case; (2) because the plaintiffs are public interest groups and individual qui tam plaintiffs with limited financial resources, they are entitled to relief from the award of costs; and (3) the defendants' improper conduct precludes an award of costs.

Whether 31 U.S.C. § 3730(d)(4) precludes a Rule 54 award of costs is an issue of statutory construction that we review de novo. See Foulk v. Charrier, 262 F.3d 687, 703 (8th Cir. 2001). Rule 54(d)(1) provides in part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." According to the plaintiffs, § 3730(d)(4) of the FCA is an "express provision" for costs that displaces the district court's authority under Rule 54 to award costs to the defendants. Section 3730(d)(4) provides: "the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

The term "costs" appears nowhere in § 3730(d)(4). The plaintiffs, however, contend that under the False Claims Act, the term "expenses" includes "costs," and thus that the reference to expenses in § 3730(d)(4) constitutes an express provision regarding costs. In contrast to § 3730(d)(4), § 3730(d)(2) provides for awards to prevailing qui tam plaintiffs of "reasonable expenses . . . plus reasonable attorneys' fees and costs." Similarly, § 3730(g) provides for an award of costs to a prevailing defendant when the government intervenes by referring to 28 U.S.C. § 2412(d), which also distinguishes between fees, expenses, and costs. That Congress expressly provided for fees, expenses and costs in two subsections but provided only for fees and expenses in § 3730(d)(4) indicates an intent to treat the awards differently. United States ex rel. Lindenthal v. General Dynamics Corp., 61 F.3d 1402, 1412-14 (9th Cir. 1995). If the term expenses included costs, there would have been no need to provide for the recovery of both expenses and costs in § 3730(d)(2).

The plaintiffs urge us to reject Lindenthal in favor of dicta loosely suggesting that costs and expenses are interchangeable terms. In Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 769-70 (2000), the Court noted that a prevailing relator may recover "attorney's fees and costs" and cited § 3730(d)(1)-(2) for that proposition. Both § 3730(d)(1) and (d)(2) provide for recovery of expenses, fees, and costs. Similarly, a dissenting opinion in one of our cases cited two provisions referring to "expenses" but not "costs" when it noted that "the United States is not liable for any costs or attorney fees awarded to the defendants." United States ex rel. Rodgers v. Arkansas, 154 F.3d 865, 869 (8th Cir. 2000) (Panner, J., dissenting) (citing § 3730(f) and (g)). These dicta cannot bear the weight the plaintiffs place upon them. We conclude that § 3730(d)(4) is not an express provision regarding costs and thus does not displace the district court's authority to award costs under Rule 54.

Rule 54 codifies the presumption that the district court will award costs to prevailing parties. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). We review the district court's award of costs for an abuse of discretion. Id. The district court substantially reduced the amount of costs requested by the defendants. Because the plaintiffs have produced no evidence of their inability to pay the reduced award, we find no abuse of discretion. Cross v. General Motors Corp., 721 F.2d 1152 (8th Cir. 1983) (affirming partial award of costs against plaintiff with limited financial resources).

The plaintiffs' contention that the defendants engaged in improper conduct that precludes an award of costs is without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.