13-1237 (L)
Associates Against Outlier Fraud v. Huron Consulting Group, Inc., <u>et al.</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         DEBRA ANN LIVINGSTON,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X
Associates Against Outlier Fraud,
         <u>Plaintiff-Appellant - Cross</u>
         <u>-Appellee,</u>

United States of America,
         <u>Plaintiff - Counter-</u>
         <u>Claimant - Counter-</u>
         <u>Defendant,</u>

State of New York, <u>ex rel.</u> Associates
Against Outlier Fraud,
         <u>Plaintiff,</u>

         -v.-                      13-1237(L), 13-1328,
                                   13-1461

1

**Huron Consulting Group, Inc., Huron Consulting Group, LLC., Huron Consulting Services, LLC., Empire Health Choice Assurance, Inc., DBA Empire Medicare Services,**
          **Defendants-Appellees - Cross-Appellants,**

**Speltz and Weis, KMPG, Healthcare Management Solutions, LLC.,**
          **Defendants.**

- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          PHILIP R. MICHAEL, Michael Law Group, New York, New York.

**FOR APPELLEE:**          ROBERT SALCIDO, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C., for Appellees Huron Consulting Group, Inc., Huron Consulting Group, LLC, Huron Consulting Services, LLC.

          MICHAEL D. LEFFEL (Michael J. Tuteur, on the brief), Foley & Lardner, LLP, Madison, Wisconsin, for Appellees Empire HealthChoice Assurance, Inc. d/b/a/ Empire Medicare Services.

     Appeal from a judgment of the United States District Court for the Southen District of New York (Rakoff, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

     Plaintiff-relator Associates Against Outlier Fraud ("relator") appeals from the judgment of the United States District Court for the Southern District of New York (Rakoff, J.), granting summary judgment in favor of defendants Huron Consulting Group, Inc., Huron Consulting Group, LLC, and Huron Consulting Services, LLC (collectively, "Huron"), Empire Health Choice Assurance,

2

Inc., and Empire Medicare Services (collectively, "Empire"). Relator alleged that Huron violated the False Claims Act, 31 U.S.C. § 3729 ("FCA"), and the analogous New York False Claims Act, N.Y. State Fin. Law § 187 et seq., by submitting Medicare claims for certain "outlier payments" to which it was not entitled, and alleged that Empire, as fiscal intermediary, failed to properly review the claims before paying them. The district court granted summary judgment in favor of the defendants, on the grounds that no statute or regulation prohibited Huron's actions, and that Empire complied with all the legal requirements of a fiscal intermediary. On appeal, relator chiefly renews the arguments raised below. In their cross-appeal, Empire and Huron argue that the district court lacked subject matter jurisdiction because the relator obtained the information in his complaint from public disclosures and was not the "original source" of the information contained in the complaint. See 31 U.S.C. § 3730(e)(4). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court's denial of the defendants' motion to dismiss for lack of subject matter jurisdiction is reviewed de novo. United States ex rel. Kirk v. Schindler Elevator Corp., 601 F.3d 94, 103 (2d Cir. 2010), rev'd on other grounds, 131 S. Ct. 1885 (2011). We conclude, for substantially the same reasons set forth in the district court's February 16, 2012 order, that the district court had subject matter jurisdiction over this case pursuant to 31 U.S.C. § 3730(e)(4).

We review the district court's grant of summary judgment de novo. See Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Id. In making this determination, we "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks and citation omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3

A review of the record confirms, as the district court concluded in its March 4, 2013 memorandum order, that relator has failed to identify any statute or regulation prohibiting Huron's claim submission practices.  Assuming *arguendo* that the relevant statutes and regulations prohibit increasing charges unrelated to costs, there is not sufficient evidence in the record to permit a rational factfinder to find that this occurred here.

For the foregoing reasons, and finding no merit in relator's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK