15-425-cv
Associates Against Outlier Fraud v. Huron

# In the
# United States Court of Appeals
## For the Second Circuit

---

August Term, 2015

No. 15-425-cv

ASSOCIATES AGAINST OUTLIER FRAUD,
*Plaintiff-Appellant*,

UNITED STATES OF AMERICA, STATE OF NEW YORK, *ex rel.* ASSOCIATES
AGAINST OUTLIER FRAUD,
*Plaintiffs*,

*v.*

HURON CONSULTING GROUP, INC., HURON CONSULTING GROUP, LLC,
HURON CONSULTING SERVICES, LLC, EMPIRE HEALTHCHOICE
ASSURANCE, INC., DBA EMPIRE MEDICARE SERVICES,
*Defendants-Appellees*,

KPMG, SPELTZ AND WEIS, LLC, HEALTHCARE MANAGEMENT
SOLUTIONS, LLC,
*Defendants*.

---

Appeal from the United States District Court
for the Southern District of New York.
No. 09-cv-1800 — Jed S. Rakoff, *Judge*.

---

ARGUED: NOVEMBER 12, 2015

DECIDED: MARCH 23, 2016

Before: JACOBS, LIVINGSTON, and DRONEY, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*), awarding costs, including deposition transcripts, to Defendants-Appellees after summary judgment was entered in favor of Defendants-Appellees in a False Claims Act case. We **AFFIRM** the award of those costs.

PHILIP ROY MICHAEL, Michael Law Group, Bronx, NY, *for Appellant*.

Robert Salcido, Akin Gump Strauss Hauer & Feld LLP, Washington, DC; Michael D. Leffel, Foley & Lardner LLP, Madison, WI; Michael J. Tuteur, Foley & Lardner LLP, Boston, MA, *for Appellees*.

DRONEY, *Circuit Judge*:

Plaintiff-Relator ("Plaintiff") Associates Against Outlier Fraud appeals the award of costs against it in a False Claims Act ("FCA") case, arguing that the district court improperly ordered it to pay defendants the costs of deposition transcripts under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Plaintiff asserts that it should have been shielded from this award by 31 U.S.C. § 3730(d)(4), which restricts the award of "expenses" to prevailing defendants in FCA cases to cases found to be "clearly frivolous," because "costs" and "expenses" are one and the same under the FCA, 28 U.S.C. § 1920, and the Federal Rules of Civil Procedure.

We **AFFIRM** the award of costs entered by the district court.

## BACKGROUND

Plaintiff Associates Against Outlier Fraud brought a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*,[1] against

---

[1] Plaintiff also brought claims under the New York false claims act, N.Y. State Fin. Law § 187 *et seq.*

3

defendants Huron Consulting Group, Inc., Huron Consulting Group, LLC, and Huron Consulting Services, LLC (collectively, "Huron") and defendant Empire HealthChoice Assurance, Inc., doing business as Empire Medicare Services ("Empire") in 2009. Plaintiff alleged that Huron and Empire had facilitated excessive Medicare and Medicaid payments to St. Vincent's Catholic Medical Center in New York City.[2] The district court granted summary judgment to Huron and Empire on March 4, 2013, finding that Plaintiff had not presented evidence to raise a genuine dispute of material fact about whether Huron or Empire had submitted false claims under the False Claims Act. *United States v. Huron Consulting Grp., Inc.*, 929 F. Supp. 2d 245, 247 (S.D.N.Y. 2013). Plaintiff appealed, and this Court affirmed. *Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.*, 567 Fed. App'x 44 (2d Cir. 2014) (summary order).

---

[2] The United States had previously declined to intervene in this action.

Huron and Empire subsequently petitioned the district court for costs. On September 10, 2014, the Clerk of Court for the district court awarded Empire $5,839.80 in costs and on September 12, 2014, the Clerk of Court awarded Huron $7,886.95 in costs. Most of those costs were for deposition transcripts used in resolving the motions for summary judgment.

Plaintiff appealed the award of costs to the district court. In that appeal, Plaintiff argued that the award of costs for deposition transcripts was precluded by 31 U.S.C. § 3730(d)(4), which requires that a court, before awarding "reasonable attorneys' fees and expenses" to defendants for cases brought under the FCA, find that the lawsuit was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." It was uncontested both in the district court and in this appeal that this standard was not met.

The district court rejected this argument, concluding that "expenses" and "costs" have distinct meanings under the Federal

5

Rules of Civil Procedure and the FCA, and affirmed the award of costs.[3] Plaintiff appeals this conclusion, and on appeal advances a second alternative argument: that deposition transcripts are not "costs" under 28 U.S.C. § 1920. We affirm.

**DISCUSSION**

A district court reviews the clerk's award of costs by exercising its own discretion to "decide the cost question [it]self." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (alteration in original) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). This Court then reviews a district court's order awarding costs for abuse of discretion. *Id.* (citing *ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 651 (2d Cir. 1991)). A legal determination as to "[w]hether the district court *has the authority* to

---

[3] The district court also rejected Plaintiff's alternative argument that the clerk erred in awarding costs for the deposition transcripts to Huron and Empire separately, finding that they were "distinct entities, each retained different counsel, and Relator pursued two theories of liability, tailored to each defendant." App. 34 (internal quotation marks omitted). This issue is not pursued on appeal.

6

award costs" in specific circumstances, however, is subject to *de novo* review. *Id.* (emphasis added).

### I. "Costs" and "Expenses"

The award of costs that the district court approved was based on Federal Rule of Civil Procedure 54(d)(1), which provides for the award of the following to prevailing parties:

> **Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). The next subsection of the rule sets forth the procedure for requesting attorney's fees and nontaxable expenses:

> **Attorney's Fees** . . . A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d)(2)(A). 28 U.S.C. § 1920 sets out what an award of "costs" may consist of[4]:

---

[4] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d).").

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The FCA, in its fee-shifting provision, provides:

. . . [T]he court may award . . . reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4). Plaintiff argues that "expenses" (as referred to in § 3730(d)(4)) include the "costs" referred to in Fed. R. Civ. P. 54(d)(1), and thus may not be imposed on it as Plaintiff's claim was not frivolous.

8

We disagree. As the district court explained in its decision below, the distinction between "costs" and "expenses" is well established in the Federal Rules of Civil Procedure. "Taxable costs are limited to relatively minor, incidental expenses," while "nontaxable expenses [are those] borne by litigants for attorneys, experts, consultants, and investigators." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012); *see also id.* ("Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2666 at 202–03 (3d ed. 1998))); 10 J.W. Moore et al., Moore's Federal Practice § 54.103[1] (3d ed. 2015) ("'Costs' Is Term of Art Not Synonymous With Expenses . . . . As employed in Rule 54(d)(1), 'costs' is a term of art that refers only to

9

those particular expenses that may be taxed to the opponent under 28 U.S.C. § 1920 as an incident of the judgment in the action.").

This distinction between costs and expenses is no less clear in the FCA. For example, 31 U.S.C. § 3730(g) of the FCA incorporates 28 U.S.C. § 2412(d), which distinguishes between "fees and other expenses" and those "costs" enumerated in 28 U.S.C. § 1920.

As another example, a neighboring subsection of the FCA distinguishes among "expenses, [attorneys'] fees, and costs" as individual terms in the context of a successful False Claims Act *qui tam* action. 31 U.S.C. § 3730(d)(2). Appellant, by arguing that Congress used the terms interchangeably, in effect asks this Court to read the terms *inconsistently* across the FCA. To the contrary, "we must attempt to give effect to the plain meaning of each word in the statute." *United States v. Pacheco*, 225 F.3d 148, 156 (2d Cir. 2000); *see King v. Burwell*, 135 S. Ct. 2480, 2498 (2015) (noting "the elementary principle that requires an interpreter 'to give effect, if possible, to

10

every clause and word of a statute'" (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).

Therefore, 31 U.S.C. § 3730(d)(4) does not affect the award of costs under Rule 54(d)(1) to prevailing parties.

In so ruling, we join a number of other circuit courts that have reached the same conclusion. *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1172 (10th Cir. 2009) ("Section 3730(d)(4) does not govern the recovery of costs by a prevailing defendant . . . ."); *United States ex rel. Costner v. United States*, 317 F.3d 889, 891 (8th Cir. 2003) ("[Section] 3730(d)(4) is not an express provision regarding costs and thus does not displace the district court's authority to award costs under Rule 54."); *United States ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1414 (9th Cir. 1995) (same).

Plaintiff additionally cites decisions which at times refer to "costs" and "expenses" interchangeably in different contexts, as well

as statutory references—also in other contexts—that fail to distinguish the terms. However, those inapposite references do not override the clear language of the statutes and rules here.

As "costs" and "expenses" have distinct meanings under Federal Rule of Civil Procedure 54(d), 28 U.S.C. § 1920, and the FCA, 31 U.S.C. § 3730(d)(4) does not preclude the award of the costs for deposition transcripts.

**II. "Costs" under § 1920**

In an argument only raised on appeal, Plaintiff alternatively asserts that 28 U.S.C § 1920 does not properly include the cost of deposition transcripts, so an award under Rule 54(d)(1) was improper. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) ("[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). As Plaintiff did not make this argument below, it is forfeited. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)

12

("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). However, even if appropriately presented, it would have no merit. This Court has stated clearly that "[t]he courts of appeals have consistently interpreted [§ 1920] to permit the taxation of deposition expenses, when necessarily incurred for use of the deposition in the case." *Whitfield*, 241 F.3d at 270.[5]

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the award of costs made by the district court.

---

[5] Consequently, Plaintiff's objection to Local Civil Rule 54.1(c)(2) of the Southern District of New York, which explicitly states that "[c]osts for depositions are . . . taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion," has no merit as the local rule is consistent with 28 U.S.C. § 1920. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with . . . federal statutes and rules . . . .").