*United States ex rel. Piacentile v. U.S. Oncology*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-three.

PRESENT:     Reena Raggi,
                      Richard C. Wesley,
                      Steven J. Menashi,
                               *Circuit Judges.*

_____

JOSEPH PIACENTILE, KEVIN KILCOYNE,

          *Relators-Appellants*,

UNITED STATES OF AMERICA, EX REL. JOSEPH PIACENTILE AND KEVIN B. KILCOYNE, STATE OF CALIFORNIA, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF LOUISIANA, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF

NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN, DISTRICT OF COLUMBIA, STATE OF NEW YORK,

　　　　*Plaintiffs,*

　　　　v.

No. 22-18

U.S. ONCOLOGY, INC.,

　　　　*Defendant-Appellee,*

AMGEN, INC., AMERISOURCE BERGEN CORP., AMERISOURCE BERGEN SPECIALTY GROUP, INC., INTERNATIONAL PHYSICIANS NETWORK, INTERNATIONAL ONCOLOGY NETWORK,

　　　　*Defendants.*[*]

_____

| | |
|---|---|
| *For Relators-Appellants*: | TEJINDER SINGH, Sparacino PLLC, Washington, DC (David A. Stone, Robert A. Magnanini, Stone & Magnanini LLP, Berkeley Heights, NJ, *on the brief*). |
| *For Defendant-Appellee*: | LENA H. HUGHES, New York, NY (Joseph R. Palmore, Washington, DC, Christine Y. Wong, San Francisco, CA, Carl H. Loewenson, Jr., Eric Lawson, New York, NY, *on the brief*), Morrison & Foerster LLP |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court of December 2, 2021, is **AFFIRMED**.

Relators Joseph Piacentile and Kevin Kilcoyne brought this *qui tam* action on behalf of the federal and certain state governments, alleging that U.S. Oncology, Inc., submitted false Medicare and Medicaid reimbursement claims in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* The district court dismissed the relators' fourth amended complaint for two independent reasons. First, it held that the FCA's pre-2010 public disclosure bar applied and divested the district court of subject matter jurisdiction over the case.[1] Second, the district court determined that, even if it had jurisdiction, the relators' complaint failed to plead fraud with the requisite specificity under Federal Rule of Civil Procedure 9(b). The relators appealed.

We agree with the district court that the public disclosure bar applies. We further conclude that the relators are not "original sources" of the information on which the allegations are based. Finally, because the applicable public disclosure bar is jurisdictional, we decline to analyze whether the relators' allegations survive the heightened pleading standard of Rule 9(b). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] Because the conduct at issue in this case occurred prior to 2010, the pre-2010 FCA applies. *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 283 n.1 (2010) (noting that the amended FCA is not retroactive); *see also United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 915 (4th Cir. 2013) ("The retroactivity inquiry looks to when the underlying conduct occurred, not when the complaint was filed.").

## I

The relators appeal the district court's decision that it lacked jurisdiction pursuant to the FCA's public disclosure bar. We review *de novo* the legal conclusions underlying a district court's dismissal under Rule 12(b)(1), and we accept as true all material factual allegations in the complaint. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). We analyze the public disclosure bar and the original source exception in turn.

In enacting the public disclosure bar, Congress sought to "strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits," such as those in which a relator discovers the fraud through public information on which the government already can act. *Graham Cnty.*, 559 U.S. at 295. Accordingly, the FCA contains a public disclosure bar, which, prior to 2010, provided:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A) (2003). The FCA's pre-2010 text defined "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." *Id.* § 3730(e)(4)(B) (2003).

## A

The district court correctly concluded that it lacked jurisdiction under the FCA's pre-2010 public disclosure bar. It identified three complaints—one filed by

4

private citizens and two others filed by Suffolk County and Westchester County, all prior to the relators' filing of this lawsuit—that disclosed the existence of the kickback scheme at issue in this suit. The private citizen complaint was an antitrust class action suit against pharmaceutical companies, including Amgen, in which the plaintiffs alleged that the defendant companies used kickbacks to capture a larger share of—and to manipulate—the pharmaceutical market. The county governments' complaints alleged kickback-driven fraud on the part of pharmaceutical manufacturers including Amgen. The complaints described U.S. Oncology's involvement in the scheme by implication: while the complaints did not identify U.S. Oncology by name, the complaints claimed that, as coconspirators, the manufacturers' customers were complicit in the alleged scheme. Still, the relators insist that because "[n]one of the complaints ... names [U.S. Oncology] or any of its network practices or physicians" and "none of the complaints identifies any of the kickbacks that [U.S. Oncology] negotiated for and received," this suit does not implicate the public disclosure bar. Appellant's Br. 23. We disagree.

We have explained that the public disclosure bar applies to claims "based in any part upon publicly disclosed allegations or transactions." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1158 (2d Cir. 1993). That is because "once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds." *United States ex rel. St. John LaCorte v. SmithKline Beecham Clinical Labs, Inc.*, 149 F.3d 227, 234 (3d Cir. 1998); *see also United States ex rel. Boothe v. Sun Healthcare Group, Inc.*, 496 F.3d 1169, 1173 (10th Cir. 2007).

The relators point to an Eleventh Circuit decision which held that the public disclosure bar was inapplicable when the defendant was "not specifically named or otherwise directly identified" in prior public disclosures. *Cooper v. Blue Cross & Blue Shield*, 19 F.3d 562, 566 (11th Cir. 1994). The relators rely on language in *Cooper* providing that "[r]equiring that allegations specific to a particular defendant be [publicly] disclosed before finding the action potentially barred encourages

5

private citizen involvement and increases the chances that every instance of specific fraud will be revealed." 19 F.3d at 566.

But under our precedent, a claim is barred by the FCA's public disclosure bar when it is "based *in any part* upon publicly disclosed allegations or transactions" even if the prior disclosure does not identify a defendant by name. *Kreindler & Kreindler*, 985 F.2d at 1158 (emphasis added). A prior disclosure still may "set the government squarely on the trail of a specific and identifiable defendant's participation in the fraud," *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 944 (8th Cir. 2017) (internal quotation marks omitted), by identifying enough about a transaction that additional parties are discoverable. Indeed, in *CSL Behring*, on which the relators also rely, the Eighth Circuit explained that "in order to bar claims against a particular defendant, the public disclosures relating to the fraud must either explicitly identify that defendant as a participant in the alleged scheme, *or provide enough information about the participants in the scheme such that the defendant is identifiable*." *Id.* at 944 (emphasis in original).

The district court correctly concluded that the three earlier-filed complaints did just that. The complaints alleged that several pharmaceutical manufacturers, including Amgen, were involved in a kickback scheme and that the manufacturers' customers (including Amgen's) were complicit in that scheme. *See, e.g.*, J. App'x 250 (alleging, in the private citizens' complaint, that "[h]ealth care providers prescribing [Amgen] Drugs … generated large, unlawful profits at the expense of the Medicare Program"), *id.* at 318 (alleging, in the Westchester County complaint, that Amgen and other defendants conspired with providers in an unlawful kickback scheme), *id.* at 573 (alleging, in the Suffolk County complaint, that Amgen "concealed its fraudulent conduct by instructing providers and others not to report the prices they paid for" certain drugs). The complaints specifically identified several of the Amgen drugs at issue in this case, including Neupogen and Epogen. *Compare id.* at 234, 355, *with id.* at 424-25. The prior complaints also identified many of the same kinds of kickbacks that form the basis of the relators' suit—inducements such as rebates, off-invoicing pricing, free goods, educational

6

grants, and volume discounts. *See id.* at 250, 291. In short, these complaints provided notice to the government of the essential elements of the kickback scheme such that it would have been able to discover that U.S. Oncology—which the relators repeatedly described throughout this litigation as "one of Amgen's major customers," *see, e.g., id.* at 25, 47, 57, 92, 105—participated in it.

The relators attempt to distinguish the Amgen-run scheme alleged in the prior complaints from the scheme that they identify. They argue that although the prior complaints implicated Amgen, the "disclosures did not reveal the key fact that [U.S. Oncology] was not a passive recipient of benefits" but "willingly advanced the scheme by negotiating for larger kickbacks, and incorporated those kickbacks into its business model." Appellant's Br. 28. Yet the prior complaints alleged that Amgen's customers actively participated in the scheme. And whether the relators have now revealed that U.S. Oncology was a more active participant does not alter the fact that the relators' complaint is based, at least in part, on the prior disclosure of that scheme. Such a difference would not affect the liability in this case; the relators' theory of fraud is based on the taint of kickbacks on claims for payment, not on whether U.S. Oncology or Amgen was the driving force. Because the allegations here are "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing," we proceed to the question of whether the relators are "original source[s]." 31 U.S.C. § 3730(e)(4)(A) (2003).

**B**

The FCA's pre-2010 jurisdictional public disclosure bar does not apply if the relators are "original source[s] of the information." 31 U.S.C. § 3730(e)(4)(A) (2003). Prior to 2010, the FCA defined "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B) (2003). Because the relators did not have "direct and independent

knowledge of the information on which the allegations are based," *id.*, the original source exception to the pre-2010 public disclosure bar does not apply.

To determine whether a relator is an original source under the pre-2010 public disclosure bar, we follow a three part inquiry, asking whether the relator (1) has "direct and independent knowledge of the information on which the allegations are based," (2) has "voluntarily provided such information to the government prior to filing suit," and (3) has "directly or indirectly been a source to the entity that publicly disclosed the allegations on which a suit is based." *United States ex rel. Dick v. Long Island Lighting Co.*, 912 F.2d 13, 16 (2d Cir. 1990).[2] We have "held that a *qui tam* plaintiff does not satisfy the first requirement if a third party is the source of the core information upon which the *qui tam* complaint is based." *United States v. N.Y. Med. Coll.*, 252 F.3d 118, 121 (2d Cir. 2001) (internal quotation marks omitted).

The relators' allegations are based on interviews that Piacentile conducted with executives at Amgen and U.S. Oncology. These third parties provided Piacentile with the information that he then crafted into an FCA complaint. Piacentile's knowledge is indirect. Meanwhile, Kilcoyne has not demonstrated direct and independent knowledge of the scheme. The relators alleged that Kilcoyne's knowledge is related to his delivering checks from Amgen to U.S. Oncology's practices. But the relators do not allege how Kilcoyne's deliveries gave him direct and independent knowledge of Amgen's operations or of the alleged kickback scheme. Moreover, whatever knowledge Kilcoyne had, he is not an "original source" because the allegations in the fourth amended complaint are not "based [on]" any information provided by Kilcoyne. 31 U.S.C. § 3730(e)(4)(B)

---

[2] Because we do not reach the third step of the inquiry, we need not decide whether the Supreme Court's decision in *Rockwell International Corp. v. United States*, 549 U.S. 457 (2007), abrogated this third step. *See United States v. Huron Consulting Grp., Inc.*, 843 F. Supp. 2d 464, 471 (S.D.N.Y. 2012) ("Given *Rockwell*'s clear rejection of the textual premise on which *Long Island Lighting* relies, ... *Long Island Lighting*'s third requirement has been abrogated."), *aff'd on other grounds*, 567 F. App'x 44 (2d Cir. 2014).

(2003). Instead, according to the relators themselves, Kilcoyne was merely "able to confirm … much of the information gleaned through Dr. Piacentile's investigation." J. App'x 418. We conclude that the relators are not original sources under the pre-2010 language of the statute. The public disclosure bar deprives the federal courts of jurisdiction to hear this suit. We therefore affirm the judgment of the district court dismissing this case.

## II

Before 2010, the FCA's public disclosure bar was jurisdictional. *See* 31 U.S.C. § 3730(e)(4)(A) (2003).[3] Because it applies, we lack jurisdiction over this case and therefore do not address the merits question of whether, as the district court concluded, the complaint failed to meet the pleading requirements of Federal Rules of Civil Procedure 9(b) and 12(b)(6).

\* \* \*

We have considered the relators' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[3] When Congress amended the FCA in 2010, it changed the first words of the public disclosure bar from "[n]o court shall have jurisdiction," 31 U.S.C. § 3730(e)(4)(A) (2009), to "[t]he court shall dismiss an action or claim under this section," 31 U.S.C. § 3730(e)(4)(A) (2022). We have held "that the public disclosure bar is no longer jurisdictional." *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 80 (2d Cir. 2017).