Henry J. COPE, Appellant,

v.

M. Peter McPHERSON, Administrator,
Agency for International
Development.

No. 84–5615.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 13, 1985.

Decided Oct. 8, 1985.

Opinion Filed Jan. 17, 1986.

Lawrence Speiser, with whom John P. Racin, Washington, D.C., was on the brief for appellant.

Robert C. Seldon, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before BORK and SCALIA, Circuit Judges and MACKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Henry J. Cope, a 59-year-old employee of the Agency for International Development, appeals from a judgment dismissing his claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (1982). In the proceedings below, Judge Gesell analyzed the statistical data submitted by Cope and concluded that this evidence failed to establish that the promotion policies at AID were discriminatory. *Cope v. McPherson,* 594 F.Supp. 171 (D.D.C.1984), Joint Appendix ("J.A.") at 6. The sole question presented for review is whether the trial judge abused his discretion in refusing to allow Cope to testify about a specific incident of alleged disparate treatment.

Cope's trial brief, in which he had been instructed by the court to include the "contested facts expected to be proven and applicable law," Pretrial Order, J.A. at 49,

relied primarily upon statistical data, and made not a single reference to any individual instance of disparate treatment. J.A. at 265–81. In the interrogatories submitted by the government, Cope was asked:

20. In paragraph 25 of plaintiff's Complaint, you contend that "During this same period, many employees, younger and less qualified than plaintiff, have been promoted." With respect to this contention, separately:

(a) provide a complete and accurate account of the bases for this contention;

(b) provide a complete and accurate account of how defendant's actions were taken (*including*, but not limited to, all facts pertaining to defendant's motive or intent in taking the above actions), identify all participants to defendant's actions, and describe fully the involvement and role of each such participant;

(c) identify all documents which refer or relate, either in whole or in part, to your answers to Interrogatory 20.

J.A. at 67–68 (emphasis in original). Cope answered with a list of eleven names, giving no further explanation. J.A. at 95. The government moved to compel Cope to amend his answers and provide more complete responses to several of the interrogatories, including question 20. When the court granted this motion, J.A. at 142, Cope amended his answer to question 20 by adding the following:

A20. In the answers to interrogatories I listed eleven persons, younger and less qualified than myself, who were promoted while I remained in grade. I worked with Mr. Graf and know his skills and background. Concerning the other employees, I learned their backgrounds, ages and other information from the biographic register. I am attaching copies of the relevant pages of that register to these supplementary answers. Concerning Thomas Reese, "normal" promotion procedures were violated by a cable from Sullivan to Adler, a copy of which is attached.

J.A. at 145.

At trial, Cope sought to testify about the Graf incident, and the government objected on the grounds that the testimony was an attempt to introduce a new claim of individual disparate treatment not fairly disclosed in either Cope's trial brief or his responses to the interrogatories. The trial judge sustained the objection, and it is that ruling that Cope challenges before this court.

■ "[T]he district court is delegated a good deal of discretion in making discovery orders and enforcing them with sanctions." *Smith v. Schlesinger*, 513 F.2d 462, 467 n. 12 (D.C.Cir.1975). Sanctions imposed under Fed.R.Civ.P. 37(b)(2)(B) will be upheld upon review unless the trial judge has committed an abuse of that discretion. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).

■ Cope's failure to include the Graf incident in his trial brief, after being ordered to include all contested facts, would in and of itself have provided adequate grounds for excluding the proffered testimony. *G & R Corp. v. American Security & Trust Co.*, 523 F.2d 1164, 1173 (D.C.Cir. 1975). Judge Gesell indicated at trial that notwithstanding this lapse, Cope would have been allowed to introduce his claim if it had formed the basis of a sufficiently responsive answer to the government's interrogatories. Even after the court had ordered Cope to amend his answers, however, his response was so sketchy—containing not a single requested "fact pertaining to defendant's motive or intent"—that it could not reasonably be taken as indication that plaintiff planned to make his case by a showing of individual disparate treatment, for which proof of motive or intent is "critical." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). The answers to the interrogatory may not have been "unresponsive" in the sense of justifying sanction; but they were unresponsive in the sense of providing such slim factual data on individual promotions as to give the defendant no reason to believe that dispar-

ate treatment issues would have to be litigated, and therefore to provide no cure for the omission in the plaintiff's pretrial brief. We interpret that to be the basis for Judge Gesell's ruling, and we find it entirely reasonable.

■ Cope argues that the preclusion of testimony about the Graf incident had the practical effect of "dismissing" a "claim," and therefore required a showing of willfulness. *See Dellums v. Powell,* 566 F.2d 231, 235 (D.C.Cir.1977). We disagree. Cope was not pressing two separate age discrimination claims—*viz.* a "pattern and practice" claim and a distinct "individual disparate treatment" claim—but was instead attempting to establish one claim of age discrimination through two distinct types of proof. Because Cope's statistical proof was fully considered, the sanction imposed by Judge Gesell did not amount to dismissal of a claim and no showing of willfulness was required. *See id.* ("[H]owever innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure.... [P]arties failing to comply with discovery requests may be estopped from 'support[ing] or oppos[ing] designated claims or defenses.' ").

Parties are entitled to fair disclosure of the issues and claims to be presented at trial. We hold that Judge Gesell acted within the bounds of his discretion in excluding the testimony at issue here, and we affirm.