## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-20640

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2020

Lyle W. Cayce
Clerk

SANDRA G. HALE,

Plaintiff–Appellant,

versus

METREX RESEARCH CORPORATION,

Defendant–Appellee.

————————

Appeal from the United States District Court
for the Southern District of Texas

————————

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:

Sandra Hale claims that she suffered injuries when her dentist, Stephen Seder, soaked her dentures in CaviCide disinfecting solution, which is manufactured by Metrex Research Corporation ("Metrex"). She sued Metrex, Seder, the Department of Veterans Affairs, and several others. The only claim Hale asserts against Metrex is its supposed failure to warn and label its product adequately. Metrex moved for judgment on the pleadings, which the district court granted. We affirm.

I.

Hale visited Seder to be fitted with dentures. Seder directed an assistant to soak her dentures in CaviCide for fifteen minutes, then only briefly rinsed

No. 18-20640

them with tap water before inserting them into her mouth. Hale alleges that, as a result of her exposure to CaviCide, she sustained inflammation, blisters, a chemical burn in her mouth, and liver and kidney damage.

CaviCide is a pesticide approved and registered by the Environmental Protection Agency ("EPA") and regulated by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136–136y. According to Hale's complaint, Seder negligently "fail[ed] to follow manufacturer's instructions for the proper use of CaviCide." Those instructions warned against

- Ingestion: Ingestion may cause gastrointestinal disturbances and central nervous system effects such as headache, dizziness, drowsiness and nausea. . . . If swallowed, get medical advice by calling a Poison Control Center or hospital emergency room . . .

- Skin Contact: Prolonged or repeated exposure may cause mild irritation. Rinse skin immediately with plenty of water for 15–20 minutes. Call a poison control center or doctor for further treatment advice.

- Chronic Hazards: Prolonged overexposure to ethylene glycol monobutyl ether [a component of CaviCide] may affect liver, kidneys, blood, lymphatic system or central nervous system.

CaviCide's label—which was approved by the EPA—also warned that the "product is not to be used . . . on any surface or instrument that (1) is introduced directly into the human body, either into or in contact with the bloodstream or normally sterile areas of the body, or (2) contacts intact mucous membranes[.]"

Hale alleged that "Metrex was negligent, grossly negligent and reckless in failing to warn and label its CaviCide product against" improper use. Metrex moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for four independent reasons. First, Metrex claimed that FIFRA preempts Hale's state-law failure-to-warn claim. Second, Metrex stated that Hale's First Amended Complaint concedes that Metrex's label was adequate, thereby negating an essential element of her failure-to-warn claim. Third,

No. 18-20640

Metrex averred that Texas Civil Practice and Remedies Code § 82.008 creates a presumption of no liability where the defendant complies with labeling requirements, and Hale failed to state any facts to rebut that presumption. Fourth, Metrex asserted that the sophisticated-user doctrine foreclosed its liability as a matter of law.

The court granted Metrex's motion in a one-paragraph order. It held that Hale's failure-to-warn claim was preempted by FIFRA; it didn't reach Metrex's other arguments. It severed Hale's claims against Metrex and certified its order dismissing those claims as an appealable final judgment.

## II.

Hale contests the judgment on the pleadings. "We review [R]ule 12(c) dismissals *de novo.*" *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (brackets omitted).

The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6). *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Although the district court based its judgment on FIFRA preemption, we "may affirm the district court's judgment on any grounds supported by the record." *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2009).[1]

---

[1] Hale's brief references possible claims including misrepresentation, design defect, strict products liability, and negligent undertaking. The district court concluded that aside

3

No. 18-20640

A.

FIFRA "pre-empts competing state labeling standards" and "any statutory or common-law rule that would impose a labeling requirement that diverges from those set out in FIFRA and its implementing regulations." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 452 (2005). "[A] state-law labeling requirement is not pre-empted by [FIFRA] if it is equivalent to, and fully consistent with, FIFRA's misbranding provisions." *Id.* at 447.

The district court held that because "Metrex's labeling of CaviCide was approved by the [EPA]," any state-law claims "centering around Metrix's [*sic*] failure to provide adequate warnings and instructions on its products are pre-empted by [FIFRA]." Although that result—that FIFRA preempts Texas failure-to-warn claims—may be correct, the reasoning was flawed. That is because "[t]he proper inquiry" for determining whether a state failure-to-warn statute is preempted "calls for an examination of the elements of the common-law duty at issue." *Id.* at 445. This court has not yet had occasion to re-examine FIFRA in light of *Bates*. This case—in which neither the *pro se* litigant nor her opposition has delineated the state-law elements—presents a bad vehicle for us to delve into that undeveloped preemption issue.[2] Instead, we affirm on an alternative basis.

B.

Hale's failure-to-warn claim fails as a matter of law because she admits in her complaint that CaviCide's label warned against the specific use that allegedly caused her injuries. "In a failure-to-warn case, the plaintiff must

from failure to warn, dismissal was proper for failure to "state a plausible claim for relief." Hale has waived any such claims by failure to brief them or to argue in support.

[2] *See Bates*, 544 U.S. at 453 (declining to answer, in the first instance, whether FIFRA preempted the Texas law at issue "[b]ecause [the Court] ha[d] not received sufficient briefing on this issue").

show that the warning was defective and that this failure to warn was the producing cause of the plaintiff's injury."[3]   Generally, "[t]he adequacy of a warning is a question of fact[.]" *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 592 (Tex. 1986).   "However, if a warning specifically mentions the circumstances complained of, then the warning is adequate as a matter of law."[4]   That makes sense, because an essential element of a failure-to-warn claim is that "the absence of a warning or instructions renders the product unreasonably dangerous." *Chandler v. Gene Messer Ford, Inc.*, 81 S.W.3d 493, 504 (Tex. App.—Eastland 2002, pet. denied).

Hale concedes that "the use of CaviCide[] to disinfect dentures or any surface or instrument that contacts mucous membranes is prohibited by the CaviCide[] label."   Moreover, Hale maintains that her injuries were caused by Seder's "failure to follow manufacturer's instructions clearly printed on the label for the proper use of CaviCide."[5]   Because Hale pleaded that the label expressly warned against the use that caused her injuries, the warning was adequate as a matter of law.[6]   The judgment of dismissal is AFFIRMED.

---

[3] *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex. App.—Waco 1993, writ denied) (citing *Tech. Chem. Co. v. Jacobs*, 480 S.W.2d 602, 605 (Tex. 1972)).

[4] *Seifried v. Hygenic Corp.*, 410 S.W.3d 427, 433 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see, e.g.*, *id.* at 434 ("Because Hygenic notified [the relevant parties] of the potential injury to the user if he used the band precisely in the manner described, the warning was adequate as a matter of law."); *Rolen*, 856 S.W.2d at 609 ("In the instant case, the warning details the potential dangers and results of an improper prescription.").

[5] Hale also pleaded that the CaviCide label states, "This product is not to be used . . . on any surface or instrument that (1) is introduced directly into the human body, either into or in contact with the bloodstream or normally sterile areas of the body, or (2) contacts intact mucous membranes[.]"

[6] Hale observes that a previous version of the CaviCide label included "dentures" on the list of approved uses.  She admits, however, that Metrex has since edited to remove dentures from that list.  Hale not allege that the previous version was used by her dentist, and she does not dispute Metrex's contention that the label at issue here is the 2011 version, which does not include dentures among the approved uses.