# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2025

Lyle W. Cayce
Clerk

———————

No. 23-40546

———————

James Morrow,

*Plaintiff—Appellant*,

*versus*

O'Neal Jones, Jr., *in his Official Capacity as the current Mayor of the City of Tenaha*,

*Defendant—Appellee*.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:08-CV-288

———————————————

Before Haynes, Willett, and Oldham[*], *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

This is an appeal of an attorney-fee award in a class action. Because the class did not receive notice of the motion for attorney fees as required by Federal Rule of Civil Procedure 23(h), we VACATE and REMAND.

_____

[*] Judge Oldham concurs in the judgment only.

No. 23-40546

I

This case originated in 2008 as a class action against various City of Tenaha and Shelby County officials under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. Plaintiffs alleged that the City and County Defendants had "developed an illegal 'stop and seize' practice of targeting, stopping, detaining, searching, and often seizing property from individuals who are or appear to be, members of a racial or ethnic minority or their passengers."

The parties negotiated a settlement agreement, which primarily consisted of a consent decree. The consent decree required Defendants to follow procedures for a period of years to ensure that Defendants' future policing practices did not result in the same or similar illegal traffic stops alleged in the lawsuit. The consent decree also imposed a court-appointed monitor who oversaw compliance and produced quarterly compliance reports.  The parties then reviewed these reports before they were submitted to the district court. Under the consent decree, the parties also agreed that Defendants would pay fees and expenses directly to class counsel.

The original consent decree was entered in 2013, and it was amended and extended in 2019. The amended consent decree expired in July 2020. Plaintiffs filed a motion to extend the consent decree for a second additional term, but in September 2020, the district court denied the motion and found "that the purposes of the Consent Decree ha[d] been fulfilled." The next month, the County Defendants settled their remaining obligations to Plaintiffs, leaving only the City Defendants remaining in this appeal.

While the case proceeded in district court, class counsel filed four motions for attorney fees. The district court granted the first three of these motions, awarding a total of $324,773.90 in attorney fees and expenses for the period between September 2013 and March 2020.

No. 23-40546

In their fourth motion for attorney fees, Plaintiffs requested $88,553.33 for unpaid fees between April 1, 2020 and December 31, 2020. This work included hours spent by attorneys Timothy Garrigan and David Craig pursuing and recovering attorney fees, monitoring Defendants' compliance with the consent decrees, negotiating a settlement with the County Defendants, and other matters. The district court initially denied the fourth motion for fees as untimely, but, on appeal, we vacated that decision and remanded the case.[1] On reconsideration, the district court awarded $16,020 in attorney fees. In calculating the lodestar,[2] it reduced Garrigan's and Craig's hourly rates. It then found that the only hours reasonably expended in connection with the City Defendants were 50 percent of the hours related to recovering attorney fees and 80 percent of the hours related to monitoring Defendants' compliance. Finally, the district court held that this was not an "exceptional" case that warranted adjusting the lodestar upward or downward under the factors outlined in *Johnson v. Georgia Highway Express*.[3]

Plaintiffs appealed.

---

[1] *Morrow v. Baker*, 2023 WL 2009926, at *5 (5th Cir. Feb. 15, 2023).

[2] This circuit uses the lodestar method to calculate attorney fees in class action suits. *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 850 (1998). "The lodestar is computed by multiplying the number of hours reasonably expended by the reasonable hourly rate." *Id.*

[3] 488 F.2d 714, 717–20 (5th Cir. 1974). *See also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("We have established a strong presumption that the lodestar represents a reasonable fee." (quotations omitted)); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 524, 554–55 (2010) (noting that lodestar enhancements are generally reserved for "exceptional" cases).

No. 23-40546

## II

We have jurisdiction under 28 U.S.C. § 1291 because the attorney-fee order on appeal is a final decision of the district court. Though the class Plaintiffs themselves are not directly affected by the attorney-fee award, they properly exercised the statutory right to appeal under § 1291 because they were "aggrieved" by the district court's award of fees less than what they requested,[4] and that injury would be redressed by our reversal or vacatur.

Below, the district court had jurisdiction of Plaintiffs' motion for attorney fees under 28 U.S.C. § 1331 because the claims arose under federal statute and constitutional rights, and the motion for attorney fees was a "byproduct" of the successful suit.[5]

## III

We "review[] an award of attorneys' fees for abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo*."[6]

Plaintiffs raise several arguments why the district court abused its discretion in its order granting, in part, the motion for attorney fees. One issue is dispositive: The district court failed to provide class-wide notice of the attorney-fee motion.

Rule 23(h) governs attorney fees and costs for class actions. It requires that claims for attorney-fee awards "be made by motion under Rule 54(d)(2)" and that "[n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable

---

[4] *See Deposit Guar. Nat. Bank, Jackson, Miss v. Roper*, 445 U.S. 326, 333 (1980).

[5] *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021).

[6] *Davis v. Abbott*, 781 F.2d 207, 213 (5th Cir. 2015) (citation omitted).

manner."[7] This notice provision allows "[a] class member, or a party from whom payment is sought" the opportunity to "object to the motion."[8]

Defendants do not dispute that notice of the fourth motion for attorney fees for class counsel was never provided to class members as Rule 23(h) requires. Instead, they argue that Plaintiffs have waived this issue on appeal by failing to raise it in the district court or in their prior appeal.

At the outset, we note that Defendants' argument is more properly characterized as *forfeiture*. Though the terms are often used interchangeably, "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right."[9] Failure to raise a claim to the district court "constitutes a forfeiture, not a waiver, of that right for the purposes of appeal."[10] Accordingly, the question here is if the Rule 23(h) notice issue has been *forfeited*, not *waived*.

It isn't clear whether Plaintiffs truly forfeited the Rule 23(h) notice issue. Plaintiffs argue they cannot have forfeited the issue because they never had the opportunity to raise it. The district court first denied the motion for fees based on timeliness without addressing the merits of the motion. Then, the district court stayed the case while Plaintiffs appealed, and, on remand, it decided the motion without lifting the stay or otherwise permitting further input from the parties. Because of this procedural posture, Plaintiffs argue, they never had the opportunity to raise the notice issue to the district court.

---

[7] FED. R. CIV. P. 23(h)(1).

[8] *Id.* at (h)(2).

[9] *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted).

[10] *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017).

Regardless, even if Plaintiffs did have the opportunity to raise the notice issue below and neglected to do so, we have discretion to consider it.

"We do not ordinarily consider issues that are forfeited because they are raised for the first time on appeal."[11] Still, we have discretion to address a forfeited issue if it "involves a pure question of law, and our refusal to address it would result in a miscarriage of justice."[12] We exercise that discretion here because declining to address Rule 23(h) notice would unjustly deprive class members of the opportunity to object to the fee motion—an opportunity to which they are entitled by statute.

The mandatory language of the Rule itself suggests that we should not treat the notice requirement as a forfeitable issue. Rule 23(h) requires that "[n]otice of the motion *must* be served on all parties . . . and directed to class members."[13] And the Advisory Committee Notes to Rule 23(h) make clear that "[b]ecause members of the class have an interest in the arrangements for payment of class counsel . . ., notice is required *in all instances*."[14]

That this is a class action underscores the importance of addressing the notice issue notwithstanding Plaintiffs' potential forfeiture. Because class actions are more ripe for abuse than other litigation contexts, "Rule 23 imposes on the trial judge the duty of assuring that . . . the pleading and trial of the case is conducted fairly and efficiently."[15] And, as the Notes to Rule

---

[11] *Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021).

[12] *Id.* at 398 (quoting *Pegues v. Morehouse Par. Sch. Bd.*, 706 F.2d 735, 738 (5th Cir. 1983)).

[13] FED. R. CIV. P. 23(h) (emphasis added).

[14] FED. R. CIV. P. 23(h), Advisory Committee Notes (emphasis added).

[15] *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1259 (5th Cir. 1979), *on reh'g*, 619 F.2d 459 (5th Cir. 1980), *aff'd*, 452 U.S. 89 (1981).

23(h) make clear, the trial court's duty of active involvement continues to ensure fairness through the fee awards stage.[16] The Notes specify that when it comes to fee awards in the class action context, "the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. *Even in the absence of objections*, the court bears this responsibility."[17] Declining to address the Rule 23(h) notice issue here would thus be inconsistent with these "general policies embodied in" Rule 23.[18]

The district court erred by failing to enforce the notice to class members of the fee award pursuant to Rule 23(h). Because courts have "an independent obligation to protect the interests of the class,"[19] that was an abuse of discretion whether or not Plaintiffs themselves raised the issue.

It is impossible to assume how class members who were never informed of the fourth attorney fees motion would have viewed it. They must be given the opportunity to review and object to the motion for attorney fees—as they are entitled by Rule 23—before we or the district court can decide what fees are reasonable.

\* \* \*

---

[16] Fed. R. Civ. P. 23(h), Advisory Committee Notes ("Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process.")

[17] *Id.* (emphasis added).

[18] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981); *see also Morrow*, 2023 WL 2009926 at \*5 (using the general principles of Rule 23 to aid our analysis of the timeliness issue in Plaintiffs' first appeal); *In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410, 430 (3d Cir.), *as amended* (May 2, 2016) (declining to "mechanically" apply standard waiver rules in class actions).

[19] *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d at 430.

No. 23-40546

Because the district court abused its discretion when it awarded fees without providing notice to class members as mandated by Federal Rule of Civil Procedure 23(h), we VACATE and REMAND for further proceedings.[20]

---

[20] *See Chieftain Royalty Co. v. SM Energy Co.*, 100 F.4th 1147, 1168 (10th Cir. 2024) (vacating and remanding fee award where district court failed to issue class-wide notice).