# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2025

Lyle W. Cayce
Clerk

———————

No. 24-10841

———————

Rochelle L. Smith,

*Plaintiff—Appellant*,

*versus*

General Motors, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-379

———————————————————————

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.
Per Curiam:*

Plaintiff Rochelle Smith filed suit *pro se* against General Motors LLC ("GM") alleging violations of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12117(a), and the Texas Commission on Human Rights Act ("TCHRA"). We AFFIRM the district court's dismissal of Smith's claims.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10841

## I.

In December of 2022, Smith filed a complaint with the Equal Employment Opportunity Commission and Texas Workforce Commission alleging ADA violations and received a right to sue letter from the EEOC. Smith then filed this case in the Dallas Division of the Northern District of Texas in March of 2023. Magistrate Judge Horan transferred the case to the Northern District's Fort Worth Division and Smith then served GM with process on April 6. On April 24, GM filed an opposed motion to extend to May 25 its deadline to answer Smith's First Amended Complaint, which was granted by Magistrate Judge Ray. On May 21, Smith filed her Second Amended Complaint.

## II.

Smith alleged that GM hired her as a temporary forklift driver and on August 29, 2020, while attempting to avoid an "automated see-grid," she drove a forklift into a pole, resulting in cephalonhematoma, intermittent blurred vision, dizziness, and a headache; that on September 2 a physician allowed Smith to return to work under the condition that she perform only sedentary work. The next day, Smith went to the GM medical clinic with a headache and dizziness while standing. There she rested with an ice pack, the lights off, and door closed, rest that partially alleviated her headache. She had suffered a mild concussion, head contusion, and cervical strain. On September 4, Concentra Medical Center "allowed" Smith to return to work only if she were to perform sedentary work. On September 17, disregarding the medical restrictions, Smith was assigned to a GM "trim shop" where she lifted and rode on heavy equipment, producing "agitation in her back and neck[.]"

The next day, Smith advised a GM supervisor that dollies were hitting the back of a tugger truck and GM reassigned her to work in the GM

2

stripping department until September 30. In this department, Smith stood for periods of time that assertedly exceeded her doctors' restrictions. In October, Smith was reassigned to the GM trim shop to take inventory, which "consisted of long standing, reaching, pulling and walking." From February through March of 2021, Smith's job required tasks, including janitorial tasks, that violated her physicians' restrictions. Smith asserts that these assignments constitute a failure to provide reasonable accommodations.

When Smith complained to her supervisors and her union about these assignments, she was told that if she was unwilling or unable to perform janitorial work she would be placed in a "no job available" program. This would allow her to return to work once restrictions were reduced. Smith also alleges that she was not permitted to attend an "ADAPT" program designed to assist employees with medical restrictions to "transition and find meaningful work."

GM declined to promote Smith from temporary to permanent employment and eventually terminated her employment. GM told Smith that her employment was terminated because she was on worker's compensation. A union representative told Smith that she had a week to "get [her] job back by clearing medical to come back to work." Smith does not allege that she attempted to return to work.

Smith's Second Amended Complaint asked the court to enjoin GM from discriminating based on disability status, require GM to provide equal employment opportunities for disabled employees, order GM to eradicate the effects of past and present unlawful employment practices, and award $1.45 million in damages.

## III.

GM filed a Rule 12(b)(6) motion to dismiss Smith's claims, arguing that her ADA and TCHRA claims were untimely and that she did not

exhaust her state administrative remedies for her TCHRA claims. Smith filed a response and GM replied, partially withdrawing its motion to dismiss as related to Smith's ADA claims due to "a clerical error in its calculation of how many days passed between the date the Plaintiff received the notice-of-right-to-sue letter from the EEOC and her filing of this lawsuit." In that same pleading, GM requested and the Magistrate granted an extension to July 14 to answer Smith's ADA claims alleged in her Second Amended Complaint.

On June 6, Smith filed a motion for default judgment, alleging that GM defaulted when it failed to file an answer to her First Amended Complaint. The Magistrate issued findings, conclusions, and a recommendation to deny Smith's motion. Accepting these findings and conclusions, the district court denied Smith's motion. The district court later also accepted the recommendation of the Magistrate to deny Smith's TCHRA claims.

GM filed its answer to Smith's Second Amended Complaint addressing her ADA claims within the deadline imposed by the Magistrate and moved for judgment on the pleadings under Rule 12(c). On recommendation of the Magistrate, the district court dismissed Smith's remaining claims.

**IV.**

Smith alleges several points of error on appeal, including that GM defaulted when it failed to answer the amended summons within 21 days, that Smith's claims are not time-barred, that Smith did exhaust her administrative remedies, that Smith did plead a proper wrongful discharge claim, and that Smith did state facts to show that she was qualified for a job at GM.

No. 24-10841

## V.

Rule 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Rule 12(c) motions are decided on the same grounds as Rule 12(b)(6) motions: whether, drawing all reasonable inferences in favor of the non-moving party, the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. *See Adams v. City of Harahan*, 95 F.4th 908, 911 (5th Cir.), *cert. denied sub nom. Adams v. City of Harahan*, 145 S. Ct. 278 (2024); *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice . . . ." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). "[E]ven a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *White v. Texas*, No. 23-11190, 2024 WL 1826245, at *2 (5th Cir. Apr. 26, 2024) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). District court rulings on a Rule 12(c) motion are reviewed *de novo. Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020).

## VI.

The district court found that most of Smith's claims were barred by limitations. "Before a plaintiff may file her ADA claim in federal court, she must exhaust her administrative remedies. Specifically, a plaintiff must file a charge of discrimination with the EEOC within 180 days of 'the alleged unlawful employment practice,' or within 300 days if the charge is filed with a state or local agency . . . ." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (citations omitted).

As noted by the district court, Smith filed her charge with the EEOC and the TWC on December 19, 2022, allowing her federal complaint to include any alleged unlawful employment practice that occurred within 300

No. 24-10841

days prior to December 19, 2022—that is, from February 22 to December 19, 2022. Almost all of the acts alleged in Smith's Second Amended Complaint occurred before February 22, 2022 and are time barred.

Smith contends that her claims nonetheless survive under the continuing violation doctrine, which allows a complaint to be filed when "the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period . . . ." *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 866 (5th Cir. 1993) (citations omitted). The doctrine applies only to acts that cannot be said to occur on any particular day. *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), as revised (Mar. 13, 2017). For instance, creating a hostile workplace environment may be subject to the continuing violation doctrine. *Id.* Our guidance here is that equitable doctrines, like the continuing violations doctrine, are to be invoked "sparingly." *Inclusive Louisiana v. St. James Par.*, No. 23-30908, 2025 WL 1064847, at *4 (5th Cir. Apr. 9, 2025) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). We must be cautious about our use of the doctrine here. Most of Smith's allegations—such as failure to accommodate, failure to promote, and wrongful discharge—are discrete acts that occurred on a particular day and are not subject to the continuing violation doctrine. *See, e.g. Delek Ref., Ltd. v. Occupational Safety & Health Rev. Comm'n*, 845 F.3d 170, 176 (5th Cir. 2016) (finding persuasive a sister circuit's holding that failure to create required records was not a continuing violation because this is not a discrete act).

The district court found that the three acts alleged to have occurred between February 22 and December 19 of 2022 are not time barred: GM's failure to enroll Smith in the ADAPT program, GM's alleged refusal to promote Smith, and GM's alleged wrongful discharge of Smith.

6

No. 24-10841

Beginning with claims regarding the ADAPT program claim and GM's refusal to promote her, Smith did not exhaust her administrative remedies before the EEOC, which requires stating sufficient facts in the charge brought to the EEOC sufficient to trigger an investigation. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 272-73 (5th Cir. 2013) (per curiam). Smith's charge states, in its entirety:

> HARM: I began my employment in March 2020, as a Forklift Operator. In August 2020, I was injured at work. I returned to work in September 2020 and the employer did not honor my restrictions. I was sent home. On or about March 8, 2022, I was informed that my employment terminated, and I was no longer in the system. I was discriminated against because of my injury.
>
> REASON: No reason given.
>
> I believe I was discriminated against as described above, because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended (ADA).

This charge does not sufficiently state facts that would allow the EEOC to begin an investigation into Smith's ADAPT program or failure to promote claims.

As for wrongful discharge, Smith's Second Amended Complaint failed to plead plausible facts sufficient for the court to grant relief under the ADA. A wrongful discharge suit under the ADA requires that Smith plausibly allege each of the following: (1) that she has a disability; (2) that she was qualified for the job she sought; and (3) that her employer terminated her because of her disability. *See Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017). To plausibly allege the second requirement, Smith must allege that she is able to "perform the essential functions of the job in spite of her disability" or "that a reasonable accommodation of her disability would have enabled her to perform the essential functions of the

7

job." *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (citation omitted); 42 U.S.C. § 12111(8).

Smith did not plausibly allege that she can perform the essential functions of the job. While reassignment can be a reasonable accommodation, Smith failed to plausibly allege that she could perform if reassigned to any vacant position in GM. *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). In short, Smith cannot meet the second prong of the ADA's wrongful discharge requirements and has not pleaded plausible facts sufficient for relief. The wrongful discharge claim fails.

## VII.

We also find no error in the district court's decision that GM did not default by failing to answer the amended summons within 21 days, as GM provided good cause for an extension to answer the amended complaint. "District courts have broad discretion in managing their dockets and deadlines," and we are persuaded that the district court here acted well within its discretion. *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 320 (5th Cir. 2024).

## VIII.

We AFFIRM the district court's final judgment.