# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-40112
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2025

Lyle W. Cayce
Clerk

SHANE DESCANT; SHAUN ORANDAY; PRENTIS TATUM; GREGG
HENRY,

*Plaintiffs—Appellants*,

*versus*

CTCI AMERICAS, INCORPORATED,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-308

———————————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In this case, Plaintiffs Shane Descant, Shaun Oranday, Prentis Tatum, and Gregg Henry (collectively, the "Plaintiffs") filed a lawsuit against their former employer, CTCI Americas, Inc. ("CTCI"), to recover back wages, liquidated damages, attorney's fees, and costs under the Fair Labor

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40112

Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"). The Plaintiffs moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), and both parties moved for summary judgment. The magistrate judge recommended that the district court deny the Plaintiffs' motions and grant CTCI's motion for summary judgment. The district court adopted the magistrate judge's recommendations in part. Specifically, the district court denied the Plaintiffs' Rule 12(c) motion as moot (finding that CTCI properly amended its answer to reflect its affirmative defenses) and granted CTCI's motion for summary judgment. After the district court entered its order, CTCI moved for costs against the Plaintiffs, and the magistrate judge granted its order.

The district court correctly determined that CTCI properly amended its complaint and properly granted CTCI's summary judgment motion. Additionally, the magistrate judge has authority to tax costs against the Plaintiffs. Therefore, we AFFIRM the district court in full.

**I**

**A**

Congress enacted the FLSA in 1983 to create a "comprehensive federal wage-and-hour scheme" and "[to] eliminate 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency[,] and [the] general well-being of workers.'" *Klick v. Cenikor Found.*, 94 F.4th 362, 368 (5th Cir. 2024) (quoting *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 871 (5th Cir. 2021)). Accordingly, "[w]orkers covered under the Act are entitled to a minimum wage and overtime compensation." *Id.* (citing 29 U.S.C. §§ 206, 207). Section 207(a)(1) defines the FLSA's overtime-pay rule as the following: "[N]o employer shall require its employees to work more than 40 hours unless such employee receives compensation for his employment in excess of [40]

2

hours . . . at a rate not less than [1.5] times the regular rate he is paid." *Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 814 (5th Cir. 2024) (citation modified) (quoting *Cunningham v. Circle 8 Crane Servs., L.L.C.*, 64 F.4th 597, 600 (5th Cir. 2023)).

However, there are several exceptions to the FLSA's overtime-pay rule. *Id.* "The FLSA delegates to the Secretary of Labor [(the 'Secretary')] . . . the authority to define and delimit the terms of the exemption." 84 Fed. Reg. 51230; *see also* 29 U.S.C. § 213(a)(1). Under section 213, "any employee employed in a bona fide executive, administrative, or professional capacity" are exempt from the FLSA's protections.[1] *Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 44 (2023). To be exempt as a "bona fide executive," an employee must meet three requirements: (1) the "salary basis" requirement, (2) the "salary level" requirement, and (3) the "duties" requirement. *Id.* at 44–45 (citing 84 Fed. Reg. 51230 (2019)). Under the "salary basis" requirement, "an employee can be a bona fide executive . . . if he receives a 'predetermined and fixed salary'—one that does not vary with the precise amount of time he works." *Id.* at 45 (quoting 84 Fed. Reg. 51230 (2019)). Under the "salary level" requirement, an employee must have "[a] preset salary [that] exceeds a specified amount." *Id.* Lastly, the "duties" requirement "focuses on the nature of the employee's job responsibilities." *Id.*

The Secretary distinguishes between low-income and higher-income bona fide executives. "A low-income employee is a bona fide executive if she is '[c]ompensated on a salary basis' (salary-basis test); 'at a rate of not less than $455 per week' (salary-level test); and carr[ies] out three listed

---

[1] The employees in this case dispute whether they are bona fide executives. Thus, we will only center that exemption in our analysis.

responsibilities—managing the enterprise, directing other employees, and exercising power to hire and fire (duties test)." *Venable v. Smith Int'l, Inc.*, 117 F.4th 295, 299 (5th Cir. 2024) (quoting *Hewitt*, 598 U.S. at 45); *see also* 29 C.F.R. § 541.601(a).[2] Meanwhile, a higher-income bona fide executive is "an employee that makes at least $100,000 . . . [and] meets the aforementioned salary basis and the salary level tests."[3] *Venable*, 117 F.4th at 299, 301 (internal citations omitted) (citing *Hewitt*, 598 U.S. at 45 ); *see also* 29 C.F.R. § 541.601(a). Furthermore, an employee counts as a higher-income bona fide executive if they make over $455 per week or if they are paid on a salary basis. 29 C.F.R. § 541.601(b)(1).

**B**

CTCI provides engineering, procurement, and construction ("EPC") services for a project near Gregory and Portland, Texas, where all of the Plaintiffs worked. Henry worked as a construction manager and oversaw daily operations. Oranday was also a construction manager, and he worked under Henry. He oversaw field activities and contractors, directing "the project's overall direction."[4] Descant oversaw preventative maintenance, ensuring equipment was suitable for installation and directing

---

[2] As of 2024, section 541.601 updated the annual and weekly earnings amount for a person to be considered exempt under the FLSA as a "highly compensated employee." *See* 29 C.F.R. § 541.601. Language regarding a high-salary employee's duties remains largely unchanged. *See Venable v. Smith Int'l, Inc.*, 117 F.4th 295, 299 (5th Cir. 2024) (applying the three elements of a "highly compensated employee" under section 541.601).

[3] The "duties" requirement is also more relaxed for higher-income bona fide executives. *Venable*, 117 F.4th at 299.

[4] Even after CTCI demoted him for sending offensive messages, he continued to serve as a field manage where he "directed contractors . . . [which was] similar to his [prior] role."

contractors to install equipment. Tatum was the Procurement / Logistics Lead, managing the procurement of equipment worth several hundred million dollars. Tatum also worked as a field buyer, assisting engineers and soliciting bids to purchase construction materials worth millions of dollars.

According to their offer letters, the Plaintiffs had the following salaries: Henry's annual salary was $250,000, and he was paid approximately $4,697.69 per week;[5] Oranday's annual salary was $166,400, and he was paid approximately $3,200 per week; Descant's annual salary was $130,000, and he was paid approximately $2,500 per week; and Tatum's annual salary was $130,000, and he was paid approximately $2,500 per week. All of the Plaintiffs were eligible for "additional straight time compensation." "Additional straight time" is the standard hourly rate instead of one and a half times the hourly rate. Moreover, in each of the Plaintiffs' offer letters, it explicitly designated them as "exempt from the overtime pay provision of state and federal law."

## C

On December 29, 2022, the Plaintiffs filed a putative collective-action lawsuit in the Southern District of Texas against CTCI for allegedly violating the FLSA. Specifically, the Plaintiffs claimed that CTCI failed to pay them overtime hours at an overtime rate of one and one-half times their

---

[5] CTCI only deviated from Henry's pay after he began working remotely part-time for CTCI (while working full time for Airswift). During this time, he did not work more than 40 hours during his part-time employment for CTCI, and he does not argue that he was entitled overtime pay during this period.

regular rate of pay for working hours that exceeded 40 hours per week.[6] In its answer, CTCI argued that Plaintiffs were exempt from overtime pay as an affirmative defense, however, it inadvertently asserted the affirmative defense under "29 U.S.C. § 213(b)" instead of "29 U.S.C. § 213(a)."[7]

The Plaintiffs moved for judgment on the pleadings and partial summary judgment, arguing that CTCI did not adequately plead its affirmative defense that the Plaintiffs were exempt under the FLSA. In its opposing memorandum, CTCI countered that a Rule 12(c) motion was the wrong mechanism to challenge the sufficiency of an affirmative defense and requested attorney's fees for having to defend against the Plaintiffs' Rule 12(c) motion. Furthermore, it argued that the motion lacked merit because Plaintiffs were "on notice of the scope of CTCI's good faith and exemption-based defenses." Alternatively, in the event that the district court granted all or part of the Plaintiff's Rule 12(c) motion, CTCI sought leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a). CTCI later moved for summary judgment, contending that the Plaintiffs were exempt employees because they were paid a fixed salary, "highly compensated[,] and performed at least one exempt duty."

The magistrate judge recommended dismissing the case, denying the Plaintiffs' motions, and granting CTCI's motion for summary judgment.

---

[6] When the complaint was originally filed, it included additional claims by Descant, Oranday, Tatum and Henry, Tiffany Rhorer, and Alfredo Aguilar against CTS-Complete Technical Services, Inc., ("CTS"), an entity related to CTCI. The parties agreed to resolve the CTS claims, and those claims are not part of this appeal.

[7] Under 29 U.S.C. § 213(b), employees employed as a motor vehicle driver, a seaman or those employed by a rail or air carrier are exempt. Under 29 U.S.C. § 213(a), known as the "white-collar exemption," employees employed in a bona fide executive, administrative, or professional capacity are exempted. The latter exemption is relevant in this case.

No. 25-40112

The district court adopted the magistrate judge's recommendations in part and dismissed all of the Plaintiffs' claims with prejudice. First, after finding that CTCI properly amended its response, the district court dismissed the Plaintiffs' Rule 12(c) motion as moot. Second, the district court denied the Plaintiffs' motion for summary judgment. Instead, it granted CTCI's Rule 56(a) motion, holding that the Plaintiffs were exempt under FLSA. Lastly, the district court denied CTCI's request for attorney's fees.

After the district court issued its ruling, CTCI timely filed for costs. The Plaintiffs moved to stay the taxing of costs pending its appeal. They specifically objected to granting CTCI costs for both the stenographic deposition and the video transcripts.[8] The magistrate judge denied the Plaintiffs' motion to stay costs and granted CTCI's bill of costs in part.

The Plaintiffs timely appealed and now challenge the district court's decision denying both of their motions.[9] Moreover, the Plaintiffs challenge the magistrate judge's order granting CTCI's costs.

## II

The district court had federal question jurisdiction over the Plaintiffs' FLSA claims under 28 U.S.C. § 1331. As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291. Moreover, "[a] judgment entered by 'a magistrate judge designated to exercise civil jurisdiction under [28 U.S.C.] § 636(c)(1)' is to be treated as a final judgment of the district court, appealable 'in the same manner as an appeal from any other judgment

---

[8] The Plaintiffs also objected to mediation costs. On appeal, the Plaintiffs only challenge granting costs for both the stenographic deposition and the video transcripts.

[9] On appeal, the Plaintiffs specifically dispute whether they were paid a fixed salary and whether this salary met the "salary-level" requirement.

of a district court.'" *James v. Smith*, 152 F.4th 594, 602 (5th Cir. 2025) (quoting *Roell v. Withrow*, 538 U.S. 580, 585 (2003)).

### III

### A

This court reviews a district court's ruling on a Rule 12(c) motion for judgment on the pleadings de novo. *Adams v. City of Harahan*, 95 F.4th 908, 911 (5th Cir. 2024), (quoting *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022)) *cert. denied*, 145 S. Ct. 278 (2024). A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. PROC. 12(c)). "The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6)." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020). Thus, to survive dismissal under Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017)).

As a part of its review, this court accepts all well-pled facts as true and draws "all reasonable inferences in favor of the nonmoving party." *Harmon v. City of Arlington,* 16 F.4th 1159, 1162–63 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). "[B]ut we are not bound to accept as true a legal conclusion couched as a factual allegation." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a court must look only to the pleadings when ruling on a Rule 12(c) motion, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

No. 25-40112

The purpose of a Rule 12(c) motion is to dismiss cases in which "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza*, 972 F.3d at 727 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002), and *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

**B**

We affirm the district court's ruling that CTCI properly amended its response. While CTCI accidentally plead its affirmative defense pursuant to "section 213(b)" instead of "section 213(a)," the Plaintiffs had notice that the exemption under section 213(a) was at issue. Thus, the Plaintiffs' Rule 12(c) motion on the pleadings was moot.

Under the Federal Rules of Civil Procedure, "[a] party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). It further gives courts broad discretion to "freely permit an amendment" when "justice so requires." *Id.*; *Calhoun v. Collier*, 78 F.4th 846, 854 (5th Cir. 2023).

The Plaintiffs argue that the district court incorrectly dismissed their claim because CTCI waived its affirmative defense pursuant to section 213(b) by failing to accurately plead it. Specifically, they contend that CTCI has the burden to prove overtime defenses, but it failed to allege section 213(a) in its answer.

The Plaintiffs' arguments are unpersuasive. Here, as the district court itself correctly explained, "the parties had full notice of the exemptions that the motion seeks to bypass and freely conducted discovery." Section 213(b), which provides exemptions for motor vehicle drivers, seaman, and those employed by a rail or air carriers, was clearly not at issue. Discovery centered

9

around section 213(a), even if it was not named, and "[CTCI's] responses made it clear which exemptions were at issue." Furthermore, even the Plaintiffs responded to address exemptions under section 213(a) despite the error, acknowledging section 213(a) as the central exemption at issue. Moreover, when CTCI did move to amend its complaint, the Plaintiffs did not respond, and they did not object to the magistrate judges' findings that the relevant FLSA exemptions were developed in pretrial discovery. Thus, because the Plaintiffs failed to raise this claim to the district court, they forfeited this issue. *Morrow v. Jones*, 140 F.4th 257, 261 (5th Cir. 2025) ("Failure to raise a claim to the district court 'constitutes a forfeiture, not a waiver, of that right for the purposes of appeal.").

Regardless of whether the Plaintiffs forfeited their argument, the district court did not err when it determined that CTCI properly amended its complaint. Despite the typographical error, the Plaintiffs had notice on the relevant exemption under the FLSA. Therefore, we hold that the district court correctly dismissed the Plaintiffs' Rule 12(c) motion on the pleadings.

## IV

### A

This court reviews a district court's ruling on a Rule 56(a) motion for summary judgment de novo. *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (citing *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018)). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009); *United States ex rel Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir.), *cert. denied*, 145 S. Ct. 356 (2024).

A district court may "enter judgment on a claim or defense if there is 'no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law.'" *Dupree v. Younger*, 598 U.S. 729, 731 (2023) (quoting Fed. R. Civ. Proc. 56(a)); *see also Cory v. Stewart*, 103 F.4th 1067, 1072 (5th Cir. 2024) (same). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Equal Emp. Opportunity Comm'n v. Methodist Hosps. of Dallas*, 62 F.4th 938, 943 (5th Cir. 2023).

**B**

We affirm the district court's ruling that there was sufficient evidence to show that the Plaintiffs qualified as higher-income bona fide executives, and that CTCI was entitled to judgment as a matter of law.

Under 29 C.F.R. § 541.602(a), "[a]n employee will be considered to be paid on a 'salary basis' . . . if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." Moreover, under section 604 of the same statute, "[a]n employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis." 29 C.F.R. § 541.604(a).

The Plaintiffs argue that CTCI is not entitled to judgment as a matter of law because there is insufficient evidence to show that they were paid a salary. The Plaintiffs are incorrect. There is sufficient evidence to support that all of the Plaintiffs had a fixed salary and that their salaries exceeded the cutoff of what is required to be considered a highly compensated employee (and therein qualify as a bona fide executive). Under section 541.601, the minimum salary that an employer must have to be considered a

No. 25-40112

higher-income bona fide executive is $107,432 annually and $684 weekly.[10] Each of the Plaintiffs' salaries exceeded either cutoff. Moreover, even if CTCI calculated the Plaintiffs' salary down to an hourly rate, an employee can still receive an hourly rate and be exempt under section 604. *See Hewitt*, 598 U.S. at 46–47 (citing 29 C.F.R. § 541.601(b)(1)).

In sum, because there is sufficient evidence to show that the Plaintiffs were salaried, and therefore exempt under the FLSA, we hold that the district court did not err in granting CTCI's motion for summary judgment.

## V

## A

This court reviews "a district court's award of costs for an abuse of discretion." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429 (5th Cir. 2010) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998)); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 334 (5th Cir. 1995), *cert. denied*, 516 U.S. 862 (1995). While this court has not addressed what the standard of review should be regarding whether a magistrate judge has authority to tax costs,[11] this court has stated: "Whether the *trial court*

---

[10] When the Plaintiffs first filed their complaint in 2023, the relevant threshold to be considered a highly compensated employee was $107,432 per year and $684 per week. *See* 29 C.F.R. § 541.601 (2020). The regulation was amended as of July 1, 2024, and it increased the threshold cutoff. *See* 29 C.F.R. § 541.601(a)(1) (2024). Because the year that the Plaintiffs filed their complaint is 2023, which is prior to the amendment, we will use the version of the statute enacted at that time, which sets $107,432 as the yearly cutoff and $684 as the weekly cutoff.

[11] *See Oyekwe v. Rsch. Now Grp., Inc.,* No. 19-CV-1085, 2021 WL 2255901, at *1 (N.D. Tex. June 3, 2021) ("The United States Court of Appeals for the Fifth Circuit 'has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion taxing costs.") (quoting *Hakim v. Cannon Avent Grp., PLC,* No. 02-CV-1371, 2007 WL 3120671, at *1 (W.D. La. Oct. 23, 2007)).

possessed the authority to award costs is a question of law that we review de novo. *Chance v. Dallas Cnty. Hosp. Dist.*, 176 F.3d 294, 295 (5th Cir. 1999) (emphasis added); *see also Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037 (5th Cir. 2014) ("[The Fifth Circuit] reviews legal questions regarding the application of Rule 54(d)(2) de novo." (citing *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir.1998))).[12]

## B

For this claim, the primary issue is whether the magistrate judge has authority to tax costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Under the Federal Rule of Civil Procedure 54, a court may grant costs to the prevailing party unless prohibited by another federal state, by another federal rule, or by a court. Likewise, 28 U.S.C. § 1920 governs the taxation of costs. In relevant part, the statute states that "[a] judge or clerk of *any* court of the United States may tax as costs . . . ." 28 U.S.C. § 1920 (emphasis added).

This court has held that a magistrate judge may tax costs under 28 U.S.C. § 636(c)(1) if there is an Order of Reference transferring the case to a magistrate judge. *See, e.g.*, *Holland v. City of Houston*, 237 F.3d 632, No. 99-20966, 2000 WL 1701793, at *2–3 (5th Cir. Nov. 3, 2000) (per curiam) (citing *Mendes JR Int'l Co. v. M/V Sokai Maru,* 978 F.2d 920, 922–24 (5th Cir. 1992) (explaining that the magistrate judge may tax costs if "[t]he record . . . include[s] a Consent to Proceed . . . or an Order of Reference

---

[12] Other circuits review a district court's authority to grant costs de novo as well. *See Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc.*, 817 F.3d 433, 435–36 (2d Cir. 2016) ("A legal determination as to 'whether the district court *ha[d] the authority* to award costs' in specific circumstances, however, is subject to de novo review." (alteration omitted) (quoting *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001)); *Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998).

transferring the case to (or specially designating) [a magistrate judge] under section 636(c)(1)")).

Additionally, while the Fifth Circuit has not directly addressed whether a magistrate judge has the authority to tax costs, the Eleventh Circuit has explained:

> Finally, taxing costs and awarding attorneys' fees as sanctions was appropriate. There is a "strong presumption" under Rule 54(d)(1) that the prevailing party will be awarded costs. By obtaining a favorable judgment on all of [the plaintiff's] claims except one—which [the plaintiff] then voluntarily dismissed—[the defendants] were the prevailing parties and could be awarded the costs authorized in 28 U.S.C. § 1290. The magistrate judge did just that.

*Pinkston v. Univ. of S. Fla. Bd. of Trs.*, 715 F. App'x 877, 881 (11th Cir. 2017) (per curiam) (internal citations omitted) (holding that the magistrate judge "followed proper procedures in disposing of [the defendant's post-judgment] motions" under 28 U.S.C. § 636).

Moreover, "objections to a bill of costs or a motion to tax post-judgment under Rule 54(d)(1) and 28 U.S.C. § 1920 may be treated as nondispositive." *Oyekwe v. Rsch. Now Grp., Inc.*, No. 19-CV-1085, 2021 WL 2255901, at *1 (N.D. Tex. June 3, 2021)). "Because a request to assess costs under Rule 54(d)(1) is considered a non-dispositive matter, [magistrate judges] can issue an Opinion and Order as opposed to a Memorandum and Recommendation." *Rodriguez v. Phillips 66 Co.*, No. 19-CV-00209, 2021 WL 5298918, at *1 (S.D. Tex. Nov. 15, 2021).

The Plaintiffs argue that the magistrate judge did not have the authority to tax costs against them. They contend that the judge's duties were limited to "pretrial management" under 28 U.S.C. § 636, "[not] post-dismissal requests for costs." Moreover, the Plaintiffs argue that the

judge's order "was dispositive of CTCI's claim for costs," and he should have instead made a recommendation to the district court. Even assuming the magistrate judge did have jurisdiction, they contend that "tax[ing] costs for both the video recording of depositions as well as the transcripts was error."

Once again, the Plaintiffs arguments are unconvincing. The magistrate judge was within its authority when awarding costs to CTCI. Here, unlike the case in *Holland* or *Mendes JR International Company*, the district court judge referred the case to a magistrate judge pursuant to 28 U.S.C. § 636. The Order of Reference specifically gives the magistrate judge authority for the following:

> [A]ll pretrial purposes, including the hearing and determination of all procedural and discovery motions, the management of the case before trial, the setting of a date for trial, and all other matters authorized by this statute and the Federal Rules of Civil Procedure. The Magistrate Judge shall also hear and make a recommendation to the Court as to all dispositive motions, including motions to dismiss and motions for summary judgment.

Additionally, as previously noted, because granting costs is considered non-dispositive, a magistrate judge can issue an order instead of making a recommendation. *Rodriguez*, 2021 WL 5298918, at *1. Moreover, the magistrate judge was also within his authority to grant costs for both the video recording of depositions and for transcripts. *See Favata v. National Oilwell Varco, L.P.*, No. 12-CV-0082, 2014 WL 5822781, at *2 (S.D. Tex. Nov. 10, 2014) ("[C]ourts in [the Southern District of Texas] have often awarded deposition costs for both a written transcript and video recording when considered appropriate trial preparation under the circumstances of the particular case.").

No. 25-40112

Furthermore, section 1920 confers broad authority for "any court" to grant costs. Even in the Plaintiffs' objection, they did not raise that a magistrate judge does not have authority to award costs. Rather, they disputed the amount of costs and argued that the terms "'costs' and 'expenses' are not synonymous." Thus, the Plaintiffs forfeited this issue as well. *See Jones*, 140 F.4th at 261.

Regardless of whether the Plaintiffs forfeited this issue as well, the magistrate judge had authority to tax costs, and it did not abuse its discretion when it did so. Therefore, we hold that the district court did not err when it awarded costs under rule 54(d).

## VI

For the foregoing reasons, we AFFIRM the district court in full.

16